1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    TAIMING ZHANG,                          Case No.  23-cv-00972-TLT

8                 Plaintiff,

9          v.                               **ORDER DENYING EX PARTE
                                            EMERGENCY MOTION; DISMISSING
                                            CASE WITHOUT PREJUDICE**
10   APPLE INC.,
                                            Re: ECF No. 17
11               Defendant.

12          Pending before the Court is Plaintiff Taiming Zhang's "ex parte emergency motion on

13   reopening the last motion, and further additions to the disqualification motion without hearing."

14   ECF No. 17.

15          The Court first addresses Plaintiff's request to disqualify the undersigned.[1]  Motions to

16   qualify fall under 28 U.S.C. § 144 and 28 U.S.C. § 455.

17          Under Section 144, "[w]henever a party to any proceeding in a district court makes and

18   files a timely and sufficient affidavit that the judge before whom the matter is pending has a

19   personal bias or prejudice either against him or in favor of any adverse party, such judge shall

20   proceed no further therein, but another judge shall be assigned to hear such proceeding."  "An

21   affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts

22   that fairly support the contention that the judge exhibits bias or prejudice directed toward a party

23   that stems from an extrajudicial source."  *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir.

24   1980).  The district may reject the motion if the affidavit is legally insufficient.  *Id.*

25          Section 455 requires a judge to "disqualify [her]self in any proceeding in which [her]

26

27   _____

28   [1] The Court notes that Plaintiff seeks reconsideration of a prior order.  While Plaintiff does not
     comply with the procedure for a motion to reconsider, the Court addresses Plaintiff's motion as
     one of first instance.

*United States District Court*
*Northern District of California*

1    impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

2         The substantive test for bias and prejudice under both Sections 144 and 455 are identical.

3    *Sibla*, 624 F.2d at 868.  The question is "whether a reasonable person with knowledge of all the

4    facts would conclude that the judge's impartiality might reasonably be questioned." *United States*

5    *v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted).  Stated differently, the inquiry is

6    "whether a reasonable person perceives a significant risk that the judge will resolve the case on a

7    basis other than the merits." *Id.*  "The 'reasonable person' is not someone who is 'hypersensitive

8    or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'  The standard 'must not

9    be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon

10   the merest unsubstantiated suggestion of personal bias or prejudice.'" *Id.* (citation omitted).

11        Here, Plaintiff's allegations of bias and prejudice do not show that the presiding judge's

12   impartiality might reasonably be questioned.  Plaintiff applied to proceed in forma pauperis on

13   March 2, 2023.  ECF Nos. 2, 4.  The Court denied Plaintiff's application on April 11, 2023,

14   finding that Plaintiff's claims were frivolous and that the complaint failed to state a claim upon

15   which relief may be granted.  ECF No. 15.  The Court further denied Plaintiff's ex parte motions

16   on procedural grounds.  ECF No. 16.  Bias or prejudice cannot be shown merely because Plaintiff

17   is dissatisfied with the Court's ruling.  As explained by the Ninth Circuit, the basis for recusal

18   must generally be "something other than rulings, opinions formed or statements made by the judge

19   during the course of trial." *Holland*, 519 F.3d at 914.  Moreover, recusal is required "only if the

20   bias or prejudice is directed against a party and stems from an extrajudicial source." *Sibla*, 624

21   F.2d at 869.  Plaintiff has not pointed to any facts that stem from an extrajudicial source.

22   Accordingly, the Court finds that Plaintiff's affidavit is legally insufficient under Section 144 and

23   additionally finds that there are no reasonable grounds to question the undersigned's impartiality

24   under Section 455.  Plaintiff's motion to disqualify the undersigned is **DENIED**.

25        The Court next addresses Plaintiff's contention that the undersigned has no authority in

26   this action because it was improperly assigned and should be reassigned to the San Jose Division.

27   Although "all civil actions that arise in the counties of Santa Clara, Santa Cruz, San Benito or

28   Monterey shall be assigned to the San Jose Division," Civil Local Rule 3-2(e), "[u]ntil further

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    notice, a small percentage of civil cases normally venued in San Jose may be assigned to district

2    judges in San Francisco or Oakland," Northern District Extends Caseload Rebalancing Pilot

3    Program, https://cand.uscourts.gov/notices/northern-district-extends-caseload-rebalancing-pilot-

4    program/ (last visited June 1, 2023).  Thus, the Court's assignment plan was modified.

5         Whether to transfer a case is within the discretion of the Court.  *See Romero v. Cnty. of*

6    *Santa Clara*, No. 11-CV-04812-WHO, 2013 WL 5545579, at *1 (N.D. Cal. Oct. 8, 2013) (citing

7    *Sodipo v. Caymas Sys., Inc.*, No. 06-CV-05794-CRB, 2007 WL 1362422, at *1 (N.D. Cal. May 2,

8    2007)).  Here, assigning the instant case to the San Francisco Division "serve[d] the interests of

9    judicial economy and efficiency in this District by augmenting the judicial resources of the San

10   Jose Division." *Id.*  Accordingly, Plaintiff's motion to reassign the instant case is **DENIED**.[2, 3]

11        Lastly, the Court addresses Plaintiff's non-payment of the filing fee.  The Court denied

12   Plaintiff's application to proceed in forma pauperis on April 11, 2023.  ECF No. 15.  The Court

13   noted that "Plaintiff must pay the filing fee no later than April 28, 2023, or face dismissal of this

14   action." *Id.* at 3:6–7.  To date, Plaintiff has not paid the filing fee.  Plaintiff has instead filed an

15   appeal to the Ninth Circuit.  *See Taiming Zhang v. Apple, Inc.*, No. 23-15740 (9th Cir. May 16,

16   2023); *see also In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003) ("[T]he filing of a notice of

17   appeal generally divests the trial court of jurisdiction").  Thus, the Court construes Plaintiff's

18   appeal as an intention to not pay the filing fee in this action.  Accordingly, the Court **DISMISSES**

19   Plaintiff's complaint without prejudice.

20        The Court advises Plaintiff that assistance is available through the Legal Help Center.

21   Parties can make an appointment to speak with an attorney who can provide basic legal

22   information and assistance.  The Help Center does not see people on a "drop-in" basis and will not

23   be able to represent parties in their cases.  There is no charge for this service. The Help Center's

24   website is available at https://cand.uscourts.gov/legal-help.

25   //

26

27   [2] This Court notes that even if the instant action was incorrectly assigned, it would retain the inherent authority of a District Judge.

28   [3] The Court further notes that the plaintiff failed to appear for his scheduled case management conference on June 1, 2023.  *See* ECF No. 28.

<div style="text-align: left; margin-left: 2em;">

United States District Court
Northern District of California

</div>

1     This Order terminates ECF No. 17.

2     **IT IS SO ORDERED.**

3  Dated: June 2, 2023

4

5                                  TRINA L. THOMPSON

6                                  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28